■ MEYER GOLDBLUM, Respondent, v. CADILLAC HOMES, INC., Appellant.— In an action by a licensed real estate broker to recover commissions allegedly earned by procuring for defendant, as seller, a purchaser for certain vacant land in Massapequa Park, Long Island, the defendant appeals from a judgment of the Supreme Court, Queens County, entered April 14, 1961, after trial, upon a jury's verdict, in favor of plaintiff for $14,078.67. Judgment reversed on the facts, and new trial granted, with costs to abide the event. In our opinion, the verdict was contrary to the weight of the credible evidence. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ RUTH GOLDSMITH, Respondent, v. LOUIS GOLDSMITH, Appellant.— In an action by a wife for a judicial separation, in which the husband asserted a counterclaim for the same relief, the defendant appeals from so much of a judgment of the Supreme Court, Kings County, entered January 26, 1960, upon the decision of the court after a nonjury trial, dismissing the complaint and counterclaim, as directed him to pay $100 a week for the support of their infant son; as directed him to pay the arrears of temporary alimony and the cost of certain utilities in accordance with a prior order of an Official Referee, dated December 13, 1957; as granted plaintiff's motion to confirm the report of the Special Referee and as denied his (defendant's) motion to disaffirm such report; and as denied his motion to modify said prior order of the Official Referee by expunging the alimony arrears therein specified which he (defendant) is now directed to pay by the judgment under review. Judgment, insofar as appealed from, affirmed, with costs. In our opinion, the record clearly establishes that defendant should pay at least $100 a week for the child's support. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ RITA HOWELL et al., Respondents, v. BEE LINES, INC., et al., Appellants.— In an action by the plaintiff wife, who was a passenger in a bus (owned by the corporate defendant and operated by the individual defendant), to recover damages for personal injuries caused by the alleged sudden stop of the bus in order to avoid collision with a truck emerging from a side street, and by her husband to recover damages for loss of his wife's services and for medical expenses, the defendants appeal from a judgment of the Supreme Court, Nassau County, entered July 17, 1961 upon the oral decision of the court in favor of the plaintiffs, after a nonjury trial. Judgment reversed on the law and the facts, and new trial granted, with costs to defendants to abide the event. The decision as rendered by the court is an inadequate basis for the judgment. The decision contains no facts, but only the barest conclusions. In a nonjury case, if the defendant is to be cast in damages the decision should state the essential or basic facts on which his liability is founded (Civ. Prac. Act, § 440). While the form is immaterial, a substantial factual basis for the liability must be set forth. In any event, upon the proof in this record we believe the amounts awarded to the respective plaintiffs to be excessive. In the interests of justice a new trial should be had. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.